08-2090-cv
Hogans v. Dell Magazines

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand ten.

PRESENT:
        DENNIS JACOBS,
            Chief Judge,
        AMALYA L. KEARSE,
        GUIDO CALABRESI,
            Circuit Judges.

_____

Debra Denise Hogans,

            Plaintiff-Appellant,


        v.                                          08-2090-cv

Dell Magazines/Penny Press,

            Defendant-Appellee.


_____

FOR PLAINTIFF-APPELLANT:      Debra Denise Hogans, pro
                              se, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:       Peter D. Stergios, David S.
                              Kim, McCarter & English,
                              LLP, New York, New York.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Debra Denise Hogans, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Cote, J.), dismissing her discrimination claims, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. We assume the parties' familiarity with the facts and procedural history.

We review de novo a district court's decision to dismiss a complaint for failure to state a claim, taking as true all plausible allegations of fact in the complaint and construing all reasonable inferences in favor of the plaintiff. Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).

2

Before bringing suit in federal court under Title VII, ADEA, and ADA, a private plaintiff must file timely administrative charges with the Equal Employment Opportunity Commission ("EEOC").  See 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) (Title VII); 29 U.S.C. §§ 626(d), 633(b) (explaining the statutory limitations of ADEA claims); 42 U.S.C. § 12117(a) (applying § 2000e-5(e) to ADA claims).  In New York, a charge must be filed with the EEOC within 300 days of the alleged discrimination.  See 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996).  Hogans filed her charge with the EEOC on April 9, 2007.  We conclude, for substantially the same reasons stated by the district court, that the conduct about which Hogans complained took place on or before her August 4, 2004 termination from employment, and that, therefore, her claims were time-barred.

We have considered all of Hogan's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3